NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| COURTNIE SPENCER, | : | **Hon. Dennis M. Cavanaugh** |
| Petitioner, | : | **OPINION** |
| v. | : | No. 12 – CV – 6181(DMC) |
| UNITED STATES OF AMERICA, | : | |
| Respondent. | : | |

**DENNIS M. CAVANAUGH, U.S.D.J.:**

This matter comes before the Court upon Petitioner, Courtnie Spencer's ("Petitioner")

motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (Sep. 7, 2012,

ECF No. 1). Pursuant to FED. R. CIV. P. 78, no oral argument was heard. After carefully

considering the submissions of the parties, and based upon the following, it is the finding of this

Court that Petitioner's motion is **denied**.

I.    **BACKGROUND**[1]

Petitioner moves this Court to vacate his sentence pursuant to 28 U.S.C. § 2255.

Petitioner was initially charged with conspiracy to distribute cocaine on September 29, 2008.

United States v. Cortnie Spencer, et al., Ma. No. 08-4122 (CCC). In opposition to Petitioner's

---

[1] This section is taken from the parties pleadings. ( See Pet's Mot., Sept. 7, 2012, ECF No. 1; Resp't Br., Jan. 7, 2013, ECF No. 6)

Sept. 29, 2008 bail motion, the Government argued that Petitioner was a significant flight risk, stating on the record that if convicted of the instant offense, Petitioner faced the possibility of deportation. (See See Sept. 29, 2008 Hearing Tr. at 5:12-20, Ex. A, ECF No. 6-1). The Government again stated that Petitioner faced deportation if convicted at an October 2, 2008 hearing on Petitioner's second bail application. (See Oct. 2, 2008 Bail Hearing Tr. at 3:12-20, Ex. B, ECF No. 6-1).

Petitioner was indicted on one count of conspiracy to import and to export cocaine in violation of 21 U.S.C. § 963 and pled guilty to this charge on April 19, 2010. Petitioner entered into a plea agreement with the Government on March 29, 2010. The plea agreement expressed that the Petitioner waived his right to make a motion under 28 U.S.C § 2255 and waived any and all challenges to his guilty plea based on the immigration consequences of his plea. During the April 19, 2010 plea hearing, the Government explained that the plea agreement indicated that Petitioner understood that he is bound by his plea, regardless of any immigration consequences. The Court also asked Petitioner whether he understood that if the Court imposed a term of imprisonment within or below the ranges within the Guideline analysis, Petitioner could not file a section § 2255 petition, to which the Petitioner replied that he understood. (See Tr. of Guilty Plea at 5:1-8, Ex. E, ECF No. 6-1). Additionally, the Court confirmed that Petitioner was satisfied with the representation provided his lawyer, Barry Turner.

Mr. Turner has stated in an affidavit provided to the Court that he specifically advised Petitioner that his guilty plea could result in deportation. (See Turner Aff. ¶2, Ex. C, ECF No. 6-1). Mr. Turner could not recall specific dates on which he rendered this advice, but stated that he discussed the issue with Petitioner numerous times before Petitioner entered his guilty plea.

On July 22, 2011, the United States Probation Office issued the draft Presentence

Investigation Report containing a standard paragraph concerning immigration consequences, which referenced the possibility of deportation. In response to this report, Mr. Turner submitted a September 17, 2010 memorandum to the court where he argued that the Court should render a more lenient sentence in light of Petitioner's status as a deportable alien. During the September 7, 2011 sentencing hearing, the Court acknowledged Mr. Turner's argument based on Petitioner's status as a deportable alien, although it did not find it persuasive.

In his September 7, 2012 petition, Petitioner claims that he was detained for deportation/removal proceedings following his sentence. Petitioner filed a motion to vacate the sentence under § 2255, claiming that he is being held in violation of the Constitution and laws of the United States because he was denied effective assistance of counsel. Petitioner claims that neither his attorney, nor the Court, advised him that a conviction/guilty plea in this case would result in automatic removal/deportation. In response, the Government submitted a Brief in Opposition to Section 2255 Petition. (Jan. 5, 2013, ECF No. 6).

## II.    Standard of Review

This Court has jurisdiction pursuant to 18 U.S.C. § 3231 providing the district courts with original jurisdiction of all offenses of the laws of the United States. Jurisdiction is also secured pursuant to 28 U.S.C. § 2255 which allows this Court, having imposed a sentence upon Petitioner, to vacate, set aside or correct a sentence upon a showing that "the sentence imposed was in violation of the Constitution or laws of the United States, this Court lacked jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack."

## III.    Discussion

### A.  Waiver of Right to Make § 2255 Motion

Petitioner claims, as indicated above, that he is being held in violation of the Constitution and laws of the United States because he was denied effective assistance of counsel. He claims that that neither his attorney, nor the Court, advised him that a conviction or guilty plea in this case would result in automatic removal/deportation. Before considering these claims, the Court must determine whether Petitioner may bring the instant § 2255 petition at all as he waived his right to do so in his plea agreement and at his plea hearing.

Petitioner expressly waived his right to bring a § 2255 petition in both his plea agreement and at his plea hearing. (See Plea Agreement at 4, Ex. D, ECF 6-1; Plea Hearing at 15, Ex. E, ECF 6-1). The relevant provision of Petitioner's plea agreement states:

> Cortnie [sic] Spencer ... voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which challenges the sentence imposed by the sentencing court if that sentence falls within or below the Guidelines range that results from a total Guidelines offense level of 23.

(Plea Agreement at 8-9). The Court also asked, "do you understand if I impose a term within or below those ranges by whatever Guideline analysis I think appropriate, you will not be able to file an appeal, a section 2255 petition, writ, motion, or collateral attack challenging your term of imprisonment or any other aspect of your sentence?" (Plea Hearing at 15). The Petitioner responded that he understood. (Id). Since Petitioner was sentenced to a 30 month term of imprisonment and the offense carried a 10-year mandatory minimum sentence, the sentence fell below the Guidelines and this the waiver was implicated. Therefore, the Court must next consider whether the waiver is enforceable.

In United States v. Khattak, the Third Circuit held that waivers of a right to appeal are valid and enforceable if entered into knowingly and voluntarily, unless enforcement would result in a miscarriage of justice. 273 F.3d 557, 562 (3d Cir.2001). The Third Circuit also noted that ten

other Courts of Appeals have held that waivers of a right to appeal are permissible and enforceable. Khattak, 273 F.3d at 560-61. The Khattak court held that, under FED. R. CRIM. P. 11, for a waiver of appeal to be "knowing and voluntary," the court must address the defendant in open court and determine that the defendant understands the terms of any provision in a plea agreement waiving the right to appeal or to collaterally attack the sentence. See id. at 563.

The Third Circuit has not determined whether its ruling in Khattak is equally applicable to a criminal defendant's waiver of the right to bring a § 2255 motion. See Simon v. United States, CIV.A. 05-5503 (JLL), 2006 WL 3534600, at *4 (D.N.J. Dec. 7, 2006) (citing United States v. Wilson, 429 F.3d 455, 460 n. 6 (3d Cir. 2005); United States v. Dancy, Nos. 3:CR-03-340, 3:CV-06-070, 2006 WL 2504028, at *2 (M.D.Pa. Aug. 28, 2006)). However, numerous district courts within this Circuit have held that a waiver of the right to bring a § 2255 motion is valid and enforceable under the Khattak standard. See Simon 2006 WL 3534600, at *5 (citing Darr v. United States, No. 06-608, 2006 WL 2645119, at *2 (D.N.J. Sept. 14, 2006); Dancy, 2006 WL 2504028, at *3; United States v. Minott, Crim. No. 04-59, Civ. No. 05-1135, 2006 WL 2372118, at *1 (W.D.Pa. Aug. 15, 2006); United States v. Lam, No. Civ. 04-304, Crim. 05-5530, 2006 WL 1530875, at *2-3 (E.D. Pa. June 2, 2006); Prado v. United States, Nos. Civ. 05-0938, Crim. 01-373-7, 2005 WL 1522201, at *2 (D.N.J. June 27, 2005).

The Court agrees with these courts that the Khattak standard is equally applicable to waivers of the right to bring a § 2255 motion. The Court agrees with the Simon court's finding that "to hold otherwise would render such a waiver agreement essentially meaningless and would result in a mockery of the judicial system by affording criminal defendants the benefit of plea agreements, while shielding them from their own promises made under such agreements." Here, the Court clearly complied with the knowing and voluntary requirement. The Court addressed

the Defendant in open court, specifically laying out the terms of his plea agreement and confirming that he understood that the agreement waived his right to appeal or collaterally attack the sentence. Additionally, Petitioner provides no basis for the Court to conclude enforcement would result in a miscarriage of justice.

Therefore, the Court holds that Petitioner waived his right to bring a § 2255 motion and this waiver is enforceable. The Court will next address why Petitioner's motion also fails on its merits.

B. **Strickland Test**

Under Padilla v. Kentucky, the Supreme Court held that counsel must inform their client whether his plea carries a risk of deportation. 559 S. Ct. 1473, 1486 (2010). The Supreme Court further held that a failure to inform a client of this type of risk can satisfy the first prong of the Strickland test. See id. at 1484. Under the Strickland test, a court first must determine whether counsel's representation "fell below an objective standard of reasonableness." Strickland v. Washington 466 U.S. 668, 688 (1984). Second, the court asks if "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.

1. **Factor One**

The Court holds that Padilla v. Kentucky does not apply to this case because Petitioner was adequately informed that his plea carried a risk of deportation. Here, both the record and Petitioner's attorney's sworn testimony disprove Petitioner's claim of ineffective counsel. During two separate bail hearings, the Government specifically addressed how Petitioner's status as a deportable alien made him an increased flight risk. The Government also stated both in the plea agreement and at the plea hearing that Petitioner was bound by the agreement "regardless of

6

the immigration consequences of the plea." Additionally, the Presentence Investigation Report contained a standard paragraph concerning immigration consequences referencing the possibility of deportation. In response, Petitioner's attorney submitted a memorandum arguing that the Court should render a more lenient sentence in light of Petitioner's status as a deportable alien. The Court also acknowledged this argument based on Petitioner's status as a deportable alien during a sentencing hearing.

Petitioner's attorney also swears in an affidavit that he fully advised Petitioner of the possible immigration consequences of his plea. Although Petitioner's attorney cannot recall specific instances where he discussed immigration consequences with his client, the fact that he directly addressed Petitioner's deportable status in a memorandum supports his statement that conveyed this information to his client.

In United States v. Orocio, the Third Circuit held that a few allusions to immigration proceedings were not sufficient to fully inform the attorney's client of the risks of deportation. 645 F.3d 630, 646 (3d Cir. 2011). If the statements made in the plea agreement and Presentencing Report were the only ones directed to Petitioner concerning possible immigration consequences, the Orocio holding might apply here. However, the Court agrees with the Government that these statements, when taken together with the numerous other immigration warnings found in the record, were sufficient to adequately warn the client of the possible immigration consequences of his plea. Petitioner provides no other evidence that his counsel's representation was inadequate and "a court considering a claim of ineffective assistance must apply a strong presumption that counsel's representation was within the wide range of reasonable professional assistance." Harrington v. Richter, 131 S. Ct. 770, 787 (2011). Therefore, the Petitioner has not satisfied the first requirement of the Strickland test.

## 2. Factor Two

Petitioner also does not satisfy the second prong of the <u>Strickland</u> test because he has made no showing that but-for counsel's errors, he would not have pled guilty. To satisfy this requirement, Petitioner, "must make more than a bare allegation that but for counsel's error he would have pleaded not guilty and gone to trial." <u>Parry v. Rosemeyer</u>, 64 F.3d 110, 118 (3d Cir. 1995). Instead, Petitioner must show by "a probability sufficient to undermine confidence in the outcome," that he would not have pled guilty. <u>Strickland</u>, 466 at 694. Petitioner has not claimed that he would not have pled guilty but for the allegedly inadequate representation. Without claiming or providing evidence that he would have changed his plea, Petitioner cannot satisfy the second prong of the <u>Strickland</u> test.

## 3. "Fair and Just Reason" to Withdraw Guilty Plea

The Government also argues Petitioner cannot withdraw his plea because he failed to demonstrate a "fair and just reason" to withdraw his guilty plea, as required under FED. R. CRIM. P. Rule 11(d)(2)(B). However, because Petitioner waived his right to make a § 2255 motion and did not satisfy the requirements of the <u>Strickland</u> test, the Court does not need to address this issue.

## III.     Conclusion

For the foregoing reasons, Petitioner's motion to vacate, set aside, or correct his sentence is denied. An appropriate order accompanies this opinion.

Dennis M. Cavanaugh, U.S.D.J.

Date:     July __, 2013
Orig:     Clerks Office
cc:      All Counsel of Record
         File